IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GABRIEL JOHN SEDILLO, SR.,**

        **Petitioner,**

**vs.**                          **No. CIV  06-0640 WPJ/LCS**

**TIM HATCH, Warden et al.,**

        **Respondents.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

    **THIS MATTER** comes before the Court on  Mr. Sedillo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed July 17, 2006 (Doc. 1), and Respondents' Amended Motion to Dismiss, filed October 13, 2006 (Doc. 18).  Petitioner, currently incarcerated, attacks the Judgment, Sentence, and Commitment filed October 24, 2003 in the Sixth Judicial District, Grant County, State of New Mexico.  (*See* Doc. 8, Ex. A.)  Respondents seek dismissal, asserting that Petitioner has failed to state a claim pursuant to § 2254.  The United States Magistrate Judge, having fully considered the Motion, the briefs, the record, relevant law, and being otherwise fully advised, finds there is no need for an evidentiary hearing and that Mr. Sedillo's Petition is not well-taken.  Respondents motion to dismiss should be **GRANTED**, and the Petition should be **DISMISSED WITH PREJUDICE**.

    **I.**    **PROCEDURAL HISTORY.**

    1.    On May 22, 2003, in the Sixth Judicial District, Grant County, New Mexico, in CR 2002-050, a jury found Petitioner guilty of committing four offenses on January 17, 2003: murder in the first degree in violation of N.M. STAT. § 30-2-1(A) (1978) and three counts of tampering

with evidence, a fourth degree felony in violation of N.M. STAT. §§ 30-22-5 (1978).[1]  (Doc. 8, Ex. A.)

      2.    On October 24, 2003, the court sentenced Petitioner to a life sentence followed by five years parole for the charge of murder in the first degree, and eighteen months followed by one year parole for each of the three counts of tampering with evidence, to run consecutive to one another and to the life sentence.  (*Id.*)  Petitioner's total sentence is life plus four and one-half years, followed by five years parole.  (*Id.*)

      3.    Mr. Sedillo filed a direct appeal to the New Mexico Supreme Court on December 5, 2003.  (*See* Doc. 8, Ex. B.)  The case was put on the court's general calendar.  (*See* Doc. 8, Ex. C at 4.)  Mr. Sedillo raised the following issues: (1) "Whether there was substantial evidence upon which the jury could find beyond a reasonable doubt that Mr. Sedillo committed willful and deliberate murder"; (2) "Whether the trial court erred in excluding substantial evidence of antipathy between . . . the homicide victim[] and . . . the chief witness for the prosecution"; (3) "Whether the trial court erred in admitting in evidence inflammatory and cumulative photographs

---

[1]  New Mexico Statute Section 30-2-1(A) provides that:

> Murder in the first degree is the killing of one human being by another without lawful justification or excuse, by any of the means with which death may be caused:
>
> (1) by any kind of willful, deliberate and premeditated killing;
> (2) in the commission of or attempt to commit any felony; or
> (3) by any act greatly dangerous to the lives of others, indicating a depraved mind regardless of human life.
>
> Whoever commits murder in the first degree is guilty of a capital felony.

of the corpse"; (4) "Whether the trial court erred in overruling Mr. Sedillo's motions to strike prospective jurors"; (5) "Whether Mr. Sedillo was denied a fair trial by the effect of cumulative error"; (6) Whether trial counsel's decision not to cross-examine Martinez regarding his inconsistent testimony rendered the counsel's assistance constitutionally ineffective; and (7) Several additional arguments which Petitioner admitted were not preserved, including: (a) "The faulty police investigation"; (b) "The return of Martinez'[s] vehicle to him before the defense team could look at it"; (c) "The prior relationship between the investigating officer and the office of the medical investigator"; and (d) Martinez'[s] intimidation of a potential defense witness." (Doc 8., Exs. C; D at 28-30, 33.)

4.    The New Mexico Supreme Court affirmed Petitioner's conviction on July 14, 2005. (Doc. 8, Ex. G.)  With respect to each of the issues raised, the Court held that: (1) there was substantial evidence to support a finding on each element of the murder charge beyond a reasonable doubt; (2) the trial court did not abuse its discretion by excluding certain defense witnesses, because their testimony was cumulative on the issues in question; (3) the trial court did not abuse its discretion by admitting certain photographs of the victim's corpse, because the prejudicial effect of the photographs did not outweigh their probative value; (4) the trial court did not abuse its discretion in refusing to strike a certain juror for cause; (5) there was no cumulative error that prevented Mr. Sedillo from receiving a fair trial; (6) Petitioner did not establish that his trial counsel was ineffective; and (7) the remaining issues were not properly before the court, because Petitioner had not preserved them.  (Doc. 8, Ex. G at 4-17.)

5.    Mr. Sedillo filed a petition for writ of habeas corpus in the Grant County District Court on July 17, 2006.  (Doc. 20, Ex. J.)  His petition to the state court was identical to the

instant petition.  (*Id.*) The court issued a summary dismissal of the petition on August 31, 2006.

(Doc. 20, Ex. K)  In its dismissal of the petition, the district court construed Petitioner's claims

as follows: (1) Ineffective assistance of counsel for failing to show that witness Sam Martinez was

known to be a liar, for failing to allege judicial misconduct, and for failing to properly instruct the

jury; (2) Prosecutorial misconduct in that the number of witnesses should not have been limited,

special treatment of witnesses in exchange for testimony, and premature release of a vehicle

containing exonerating evidence; (3) Trial court error for allowing hearsay evidence, not granting

a mistrial when the prosecution was caught coaching witnesses,[2] and failure to strike jurors for

cause; (4) Insufficient evidence; and (5) Violation of Petitioner's speedy trial right.[3] (*Id.* at 2-5.)

6.      Mr. Sedillo filed a petition for writ of certiorari to the New Mexico Supreme Court

on September 27, 2006, raising essentially the same claims as he had previously and as he does

in this Court.  (Doc. 20, Ex. L.)  The Supreme Court denied Petitioner's writ of certiorari on

October 6, 2006.  (Doc. 20, Ex. M.)

7.      Mr. Sedillo, presently incarcerated in Guadalupe County Correctional Facility in

Santa Rosa, New Mexico, filed his petition for federal habeas relief in this Court on July 17,

2006.  (Doc. 1.)  Respondents filed a motion to dismiss on August 25, 2006, arguing that Mr.

Sedillo has filed a mixed petition, that he has procedurally defaulted on many of his claims, and

---

[2] The petition actually expresses this as an ineffective assistance of counsel claim. Nevertheless, as will be shown, the claim is resolvable either way based upon its conclusory nature.  *See* discussion *infra* ¶¶ 46-47.

[3] The petition is difficult to read, and Petitioner's precise claims are very hard to discern. That said, the state district court construed the petition and extracted claims from it similar to those I will address.  *See* discussion *infra* Part II.  I have, however, construed the petition slightly more broadly, and will touch upon at least two issues not specifically resolved by the state district court.

that he fails to state a meritorious constitutional claim.  (Doc. 6.)  Respondents filed an amended

motion to dismiss on October 13, 2006, after discovering that Petitioner had actually exhausted

all of his claims.  (Doc. 18.)  Petitioner responded to both motions.  (Docs. 15, 23.)

**II.   ANALYSIS**.

Petitioner raises numerous claims.  First, I will address those that the New Mexico

Supreme Court resolved.  Second, I will address those claims not decided by the New Mexico

Supreme Court and summarily dismissed by the state district court on habeas review.

A.   Decided by the New Mexico Supreme Court: (1) Whether there was insufficient
evidence for Petitioner's conviction; (2) whether Petitioner's counsel was
ineffective for allegedly failing to review inconsistent testimony given by a witness for
the prosecution; (3) whether the trial court erred         by failing to strike a juror for
cause; (4) whether the trial court erred by limiting the number of defense witnesses
who could testify.

B.   Not decided by the New Mexico Supreme Court: (1) Whether Petitioner's trial
counsel was ineffective for allegedly failing to introduce certain testimony; (2)
whether Petitioner's trial counsel was ineffective for failing to investigate certain
evidence; (3) whether Petitioner's trial counsel was ineffective file pretrial motions
alleging judicial misconduct; (4) whether Petitioner's trial counsel was ineffective
for failing to instruct the jury on a specific intent element and on a lesser included
offense; (5) whether Petitioner's trial counsel was ineffective in failing to ask for
a mistrial; (6) whether Petitioner's constitutional rights were violated because the
prosecution allegedly failed to preserve evidence; (7) whether Petitioner's
constitutional rights were violated because  the  prosecutor,allegedly,
knowingly      presented false testimony; (8) whether Petitioner's constitutional rights
were violated      because the trial court allegedly admitted certain testimony over a hearsay
objection;      and (9) whether Petitioner's Constitutional right to a speedy trial was
violated.

8.   Because Petitioner is proceeding *pro se*, I will liberally construe his pleadings.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  This means that I will

read his pleadings without regard to any "failure to cite proper legal authority, . . . confusion of

various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with

5

pleading requirements." *Id.* I will not, however, "assume the role of advocate for the *pro se* litigant."[4] *Id.*

9.    As a preliminary matter, I will address the issue of exhaustion. "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) (citing *Rose v. Lundy*, 455 U.S. 509, 515 (1982)). "To demonstrate compliance with the exhaustion requirements, a habeas applicant must show that the federal claim he asserts in the federal court has been fairly presented to the state courts." *Ross v. Petsock*, 868 F.2d 639, 641 (3rd Cir. 1989) (citing *Santana v. Fenton*, 685 F.2d 71, 73 (3d Cir.1982), *cert. denied*, 459 U.S. 1115 (1983)). "It is not enough for the petitioner to show that he has presented the facts on which the federal claim is based to the state court. Rather, the argument raised in the federal court must be the substantial equivalent of that presented to the state courts." *Id.* (citing *Santana*, 685 F.2d at 73-74). If a mixed petition is presented, or one containing both exhausted and unexhausted claims, the Court should not necessarily proceed to adjudicate it. *See Rose v. Lundy*, 455 U.S. 509 (1982). Rather, depending on the circumstances and what the Petitioner prefers, the Court should (1) dismiss the petition; (2) dismiss the unexhausted claims; or (3) hold the petition in a stay and

---

[4] For example, in the petition, Mr. Sedillo writes:

> The dirty laundry which had not been wash [sic] for seven (7) days
> was still in the hamper, [sic] the cloths [sic] Petitioner was wearing
> on the day of the murder was [sic] in that dirty laundry pile.

(Doc. 1 at 6A.) These alleged facts may very well go to support a claim. The problem is that I am unable to discern what that claim is without engaging in speculation. The alleged facts are recited in a section generally alleging ineffective assistance, but there is no particular claim made encompassing these facts. The Court will not make a claim for Petitioner.

abeyance so that Petitioner may return to state court to exhaust his unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269 (2005). If Petitioner seeks a stay and abeyance, he must show good cause for his failure to exhaust his claims in state court. *Id.* at 277. If Petitioner's claims are plainly meritless, the Court should not grant a stay and abeyance. *Id*. at 277; *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). Here, Respondents raised the argument of Petitioner's failure to exhaust certain claims in their first motion to dismiss. (*See* Docs. 6, 7.) They retracted this contention, however, in their amended motion to dismiss after finding that Petitioner had in fact exhausted his claims through a state habeas petition. (*See* Doc. 19 at 4.) Because there is no longer any argument as to exhaustion, I have not found no claim that is unexhausted, and Petitioner's claims are plainly without merit, I find it appropriate to adjudicate this matter. I will now proceed to examine Petitioner's claims.

      **A.**      **Claims Addressed by the New Mexico Supreme Court.**

<u>**STANDARD**</u>

      10.      Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a writ of habeas corpus may not be issued with respect to any claim adjudicated on the merits in the state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision will be "contrary to" federal law if the state court either applies a rule that contradicts the Supreme Court on a question of law

or if the state court decides a case differently on a set of materially indistinguishable facts. *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001) (internal quotation marks and citation omitted).  A state court decision will be an "unreasonable application of" federal law if it " 'correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case.' " *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 407-408 (2000)).

11.     "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*  "[E]ven if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application was also objectively unreasonable." *Id.*  The AEDPA thus bars a federal court from granting habeas relief unless the state court decision involved either the application of an incorrect legal standard or principle or involved an objectively unreasonable application of the correct legal standard or principle.

12.     A federal court may also grant a writ for habeas corpus under § 2254 if the state court proceedings "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding."  28 U.S.C. § 2254(d)(2).  Petitioner, however, has not asserted that the New Mexico Supreme Court's decision was based upon an unreasonable determination of the facts, and therefore this prong of § 2254(d) will not apply in this case.[5]   *See Lee v. Crouse*, 451 F.3d 598, 602 (10th Cir. 2006) (holding that

---

[5]  Petitioner does claim that his conviction was not supported by sufficient evidence.  This claim, however, will fail because it is conclusory, and there is no need to examine whether the Supreme Court's determination was unreasonable in light of the evidence.  *See* discussion *infra* ¶¶ 15-23.

8

"[b]ecause . . . [petitioner] does not contend the . . . [state] Supreme Court's decision involved an unreasonable determination of the facts . . . the only way he can obtain federal habeas relief" is under § 2254(d)(1)) (internal quotation marks and citation omitted).

13.   In an action for a writ of habeas corpus, the "determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  The prisoner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*.; *see also Rice v. Collins*, 546 U.S. 333 (2006) ("State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by clear and convincing evidence.") (internal quotation marks and citation omitted);*see also Allen v. Reed*, 427 F.3d 767, 771 (10th Cir. 2005) ("[S]tate court fact findings are presumed correct unless the petitioner rebuts them by clear and convincing evidence.") (citations omitted).

14.   The Tenth Circuit has held that in at least one circumstance the court reviewing a habeas petition should not grant AEDPA deference to a state court's decision.  *See Torres v. Lytle*, 461 F.3d 1303, 1311-1312 (10th Cir. 2006) ("when we consider any additional material facts from the trial transcript that were not placed before the . . . [state court on direct review], we should not defer.").[6]

_____

[6] In *Torres*, the court of appeals found that, based upon New Mexico's appellate review process, no court had actually reviewed the trial record.  *Torres*,  461 F.3d at 1307-08, 1312. Instead, the reviewing courts had relied on a "docketing statement", which consists of a necessarily peeled down version of the facts as submitted by the parties through an iterative process with the court.  *Id*.  In a prior appeal, the Tenth Circuit had found questionable the sufficiency of the evidence in the docketing statement to support the petitioner's conviction.  *Id*. at 1310.  The Court therefore remanded, ordering a review of the trial record to determine whether there were sufficient facts to support petitioner's conviction.  *Id*.  In the second appeal, the Tenth Circuit found that the relevant facts in the trial record were not significantly different from the docketing statement facts, and it concluded that there was insufficient evidence to support petitioner's

**PETITIONER'S CLAIMS THAT WERE ADDRESSED**
**BY THE NEW MEXICO SUPREME COURT**

**(1)     Whether there was sufficient evidence for his conviction.**

15.     Petitioner argues that there was insufficient evidence to support his conviction of first degree murder. (Doc. 1 at 7E.) Respondents contend that the New Mexico Supreme Court addressed this issue, finding that "there was sufficient evidence of first-degree murder because there was substantial evidence supporting a finding on each element beyond a reasonable doubt." (Doc. 19 at 9.) Respondents further assert that Petitioner has failed to state a meritorious constitutional claim under § 2254. I agree with Respondents.

16.     The New Mexico Supreme Court made detailed findings to support its conclusion that Petitioner's conviction was supported by sufficient evidence. It reviewed the record for both direct and circumstantial evidence that might support "a finding on each and every element" of the charge "beyond a reasonable doubt." (Doc. 8, Ex. G at 7-8.) The Supreme Court discussed the evidence, in part, as follows:

17.     Based upon the testimony of witness Sam Martinez, Petitioner "believed the victim was a narcotics informant" and could not be trusted "three weeks before the murder." (*Id*. at 8.) On the day of the murder, Petitioner, the victim, witness Sam Martinez, one Mr. Rosales, and one Mr. Alcorta were all together at Mr. Martinez's shop. (*Id*.) Petitioner left with the victim and Mr. Rosales in a Blazer. (*Id*.) Petitioner and Mr. Rosales returned three to four hours later in the Blazer but without the victim. (*Id*.) "The Blazer was covered in dust and there was blood on the

---

conviction. *Id*. at 1313-14. This case differs from *Torres*. Here, the New Mexico Supreme Court had the full record before it. Moreover, the facts found and set forth by the New Mexico Supreme Court, as will be shown, *are* enough to support Petitioner's conviction.

10

interior." (*Id.*)  "[Petitioner] . . . was sitting in the front passenger seat and he was wearing the victim's girlfriend's pants, which were covered in blood." (*Id.* at 8-9.)  Mr. Martinez "asked about the victim, [and] [Petitioner] . . . replied . . . 'he is not here.'" (*Id.* at 9.)  Mr. Rosales stated to Mr. Martinez that they needed to clean the Blazer or get rid of it. (*Id.*)  The four men took the Blazer and "drove towards Silver City." (*Id.*)

18.  During the drive, Mr. Rosales said to Mr. Martinez that he "stabbed the victim to death." (*Id.*)  After a brief detour in the drive where they dropped of Mr. Rosales, Petitioner "admitted to [Mr.] Martinez that he had inflicted the fatal stab wound to the victim." (*Id.*) Petitioner stated to Mr. Martinez that "'[t]he vato was pretty strong.  He was suffering and bucking pretty good.  I ended it by hitting him in the heart with a knife.'" (*Id.*)  The men then cleaned the Blazer, but were unable to get rid of all the blood. (*Id.*)  Petitioner "suggested cutting out the blood-stained upholstery." (*Id.*)  "Martinez testified there was so much blood that he asked [Petitioner] . . . again what happened." (*Id.*)  Petitioner replied that "'the vato just bucked.'" (*Id.*)  Once the men returned to the shop, Petitioner "placed the bloody items they had removed from the Blazer in a plastic bag." (*Id.*)  "Later, Martinez drove [Petitioner] . . . to a creek" where they disposed of the items. (*Id.*)  The Supreme Court noted that "[o]ther testimony corroborated Martinez' testimony."  Alcorta "recalled the victim left in the Blazer with Rosales and . . . [Petitioner] . . . and that Rosales and [Petitioner] . . . returned in the Blazer without the victim." (*Id.*)  Alcorta also recalled that "there was blood on the seat of the Blazer" and that the men "drove to a car wash in Silver City to clean the blood from the Blazer." (*Id.* at 9-10.)  "Lydia Valencia verified that she saw [Petitioner] . . . with Martinez and a third man matching Alcorta's

11

description at the car wash . . . ." (*Id.* at 10.)  Ms. Valencia said that "Martinez was vacuuming the Blazer and [Petitioner] . . . was standing behind it, talking with Alcorta and looking around nervously." (*Id.*)  "Valencia recalled that [Petitioner] . . . appeared to have a bright, red scratch mark on his chin area." (*Id.*)

19.     According to the Supreme Court, the time-line established by the witnesses was "consistent with the time-line established by [Mr.] Martinez." (*Id.*)  One "Robert Ortiz, who initially discovered the body, and Sheriff Holguin, who went to the crime scene first, testified that the body was discovered near an arroyo at about 4:00 p.m., shortly before [Petitioner] . . . returned to the shop according to [Mr.] Martinez and shortly before Valencia saw the men at the car wash." (*Id.*)

20.     The Supreme Court also noted that "[t]he physical evidence . . . tended to corroborate [Mr.] Martinez'[s] statements." (*Id.*)  There was a heavy concentration of blood found in the Blazer.  (*Id.*)  "The victim's DNA matched the hair and blood samples taken from the Blazer." (*Id.*)  "The crime scene and scratches on the victim's torso . . . indicated that the victim had been murdered elsewhere and his body dragged to the arroyo afterwards." (*Id.*)  "Martinez'[s] wife . . . verified that she wrote . . . [a] note [that was] found near the body, indicating that the Blazer had been at the crime scene." (*Id.*)  The victim's injuries were "consistent with what Rosales and [Petitioner] . . . told Martinez . . . ." (*Id.*)  Particularly, "the defensive wounds to the victim's hand indicated that [he] . . . tried to fight off the attack and that his death was caused, in part, by a stab wound to the left chest area . . . ." (*Id.*)  The Supreme Court found that:

> even if the jury rejected the State's theory that the murder was
> planned, it could infer from the number of stab wounds and

12

> testimony that [Petitioner] . . . watched the attack for a period of
> time, and as the victim struggled, [Petitioner] . . . intentionally and
> deliberately decided to end his suffering by stabbing him in the
> heart.

(*Id.* at 10-11.)

21.     The Supreme Court noted that the State "diminished the credibility of defense witnesses by establishing that, despite their long-term friendships with Defendant and Rosales, neither of them went to the police . . . or testified on behalf of Rosales . . . ." (*Id.* at 11.) The Supreme Court then concluded that it was "reasonable for the jury to believe [Mr.] Martinez and reject the defense theory." (*Id.* at 11.)

22.     Petitioner was represented by counsel on direct appeal, and the New Mexico Supreme Court presented the aforementioned facts after extensive and meticulous briefing from both sides.  (Doc. 8, Exs. D-F.)  I have reviewed the arguments and fact presentations related to sufficiency of the evidence in the parties' briefs, and I find no significant disparity between them and the Supreme Court's discussion of the facts supporting Petitioner's conviction.  Moreover, I find the Supreme Court's conclusion, that the facts support Petitioner's conviction, to be entirely reasonable.  There is more than enough evidence for a reasonable jury to conclude that Petitioner "intended to murder the victim, developed a plan, and executed it."  (Doc. 8, Ex. G at 8.)

23.     This all said, Petitioner's present argument is futile.  He has failed to challenge the New Mexico Supreme Court's findings.  Section 2254(e)(1) provides that:

> [i]n a proceeding instituted by an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State
> court, a determination of a factual issue made by a State court shall
> be presumed to be correct. The applicant shall have the burden of
> rebutting the presumption of correctness by clear and convincing
> evidence.

13

*See Liggins v. Burger*, 422 F.3d 642, 649 (8th Cir. 2005) (Stating with respect to a challenge to the sufficiency of the evidence, "[w]e presume the findings of fact made by the . . . [state] courts are correct unless rebutted by clear and convincing evidence."); *see also Kiser v. Boone*, No. 00-70304, 2001 WL 193876, at **2 (10th Cir. Feb. 27, 2001) (invoking § 2254(e)(1) in the context of a sufficiency of the evidence challenge).  Here, Petitioner has merely stated that: "[t]he Petitioner feel[s] there was not sufficient evidence present at trial to have convicted [him] of first . . . degree murder . . . ." (Doc. 1 at 7E.)  He has pointed to *nothing* that fulfills his burden to rebut the state court's findings supporting his conviction.  *See Hall*, 935 F.2d at 1110 (The Court will not "assume the role of advocate for the *pro se* litigant."); *see also Liggins*, 422 F.3d at 649 (Rejecting petitioner's attack on the sufficiency of the evidence when he has failed to present sufficient evidence to call the state court's findings into question).  Thus, I recommend that the Court grant Respondents' motion to dismiss as to this claim.

**(2)  Whether Petitioner's counsel was ineffective for allegedly failing to review inconsistent testimony given by a witness for the prosecution.**

24.  A claim of ineffective assistance of counsel is a mixed question of law and fact. *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir. 2002).  Mr. Sedillo must demonstrate both deficient performance and prejudice.  *Id.* at 1291.  He must show that counsel made errors that were so serious that counsel's performance could not be considered "reasonable[] under prevailing professional norms."  *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  The Court need not address both prongs of the inquiry if Mr. Sedillo makes an insufficient showing on either deficient performance or prejudice.  *Id.* at 697.

14

25.     Petitioner has the burden of showing that counsel's performance "'fell below an objective standard of reasonableness.'" *Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th Cir. 1995) (quoting *Strickland*, 466 U.S. at 688). Mr. Sedillo must show that counsel's "identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. There is a strong presumption that counsel has rendered adequate assistance and used reasonable professional judgment in making all significant decisions. *Miles*, 61 F.3d at 1474.

26.     Under the second prong of *Strickland*, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" of the prior proceeding. *Id.* Mr. Sedillo, in alleging ineffective assistance, bears the burden of alleging facts which, if proved, would entitle him to relief. Mere conclusory allegations without factual support are insufficient to meet this burden. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

27.     Mr. Sedillo argues that: "[b]oth of [his] trial attorneys fail[ed] to review [his] accomplice trial tapes to the inconsist[e]ncy [sic] of false testimony given by Sam Martinez - state [sic] main witness." (Doc. 1 at 6A.) Respondents contend that the New Mexico Supreme Court decided this issue against Petitioner on direct appeal, and that Petitioner has failed to state a meritorious constitutional claim. (Doc. 19 at 4-5.) I agree with Respondents. I find that Petitioner's argument fails because he has not shown that the New Mexico Supreme Court's decision was contrary to federal law or involved an unreasonable application of federal law. In any event, Petitioner has not met his burden to show both deficient performance and prejudice.

28.     Regarding deficient performance, the New Mexico Supreme Court addressed Mr. Sedillo's argument, finding that his counsel had good reason not to cross-examine Sam Martinez regarding statements concerning the location of the Swiss Army knife. (Doc. 8, Ex. G at 13.)  The Supreme Court's decision was not contrary to federal law.   The Supreme Court analyzed Petitioner's claim for both deficient performance and prejudice and applied a test equivalent to the federal standard. (*Id*. at 12-14.) ("We must only decide whether a reasonably competent attorney might have reasoned and concluded as he [or she] did"; "Defendant must provide a reasonable basis for determining that the result probably would have been different but for the conduct challenged.") (internal quotation marks and citations omitted).

29.     Moreover, the Supreme Court's decision was not an unreasonable application of federal law. With respect to deficient performance, the Supreme Court stated that:

> [d]efense counsel reasonably decided that Martinez'[s] evasiveness . . . was established and rationally chose not to question him further. Counsel might have thought he risked eliciting a reasonable explanation from Martinez, emphasizing the consistency in the two trial testimonies, or the possibility of opening the door on redirect to other consistent statements from the previous trial.

(*Id*. at 13.)  I agree with the Supreme Court that defense counsel may have had good reason not to explore any alleged inconsistencies in Mr. Martinez's statements. *See Cannon v. Mullin*, 383 F.3d 1152, 1164 (10th Cir. 2004) ("It is not . . . always the best trial strategy to exploit every inconsistency in the statements of a witness, even a witness called by opposing counsel.").  I further note that, aside from the mere assertion that counsel did not explore the alleged inconsistencies, Petitioner has failed to demonstrate any deficient performance.  He has not shown

16

how or why counsel's action fell below an objective standard of reasonableness.  *Miles*, 61 F.3d

at 1474.

> 30.     Regarding prejudice, the Supreme Court stated that:
>
>> we are not persuaded there is a reasonable probability of a different
>> outcome but for the failure to impeach Martinez with his earlier
>> statement about the knife.  First, Defendant has not convinced us
>> that the Swiss Army knife was a 'critical' piece of evidence either
>> to the trial or his defense . . . .   Further, the record reflects that
>> defense counsel vigorously cross-examined and impeached Martinez
>> on other key testimony and attacked his overall credibility in several
>> ways.

(Doc. 8, Ex. G at 13-14.)  Mr. Sedillo  has given me no reason to disagree with this finding.  Mr.

Sedillo *has* stated that his "[a]ttorneys let false testimony go unchallenge[d]" and that this was

"very prejudicial to petitioner especially when jury was not admonish [sic] of . . . Sam Martinez

testimony to be false."  (Doc. 1 at 6B.)  The problem with this assertion is that it is conclusory.[7]

Mr. Sedillo has a burden to show that there is "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466

U.S. at 694.  Mr. Sedillo has failed entirely to aver any facts that make this showing.  *See Hall*, 935

F.2d at 1110 ("The broad reading of the plaintiff's complaint does not relieve the plaintiff of the

burden of alleging sufficient facts on which a recognized legal claim could be based."); *see also*

*Pahcheka v. Ward*, No. 04-6084, 2005 WL 1871126, **8 (10th Cir. Aug. 1, 2005) (applying the

conclusory allegation rule in the context of an ineffective assistance of counsel claim); *see also*

*Snyder v. Addison*, 2004 WL 377682, **5 (10th Cir. March 2, 2004) ("Petitioner's conclusory

---

[7] Similar assertions made in Petitioner's Reply Answer to Respondent's Motion to Dismiss are also conclusory.  (Doc. 15 at 2.)

allegations are insufficient to meet the prejudice prong of *Strickland*.") (citation omitted).  He has done nothing more than assert the statement provided above.  Petitioner has thus failed to meet his burden to show both deficient performance and prejudice, and I recommend that Respondents' motion to dismiss be granted as to this claim.

        **(3)**    **Whether the trial court erred by failing to strike a juror for cause.**

      31.    Mr. Sedillo argues that the trial court should have struck a particular juror for cause because the juror was a former employee of the prosecutor while the prosecutor was in private practice, and the two worked "pretty closely" with each other.  (Doc. 1 at 7E.)  Respondents contend that the New Mexico Supreme Court addressed this claim on direct review and held that the trial court did not abuse its discretion.  (Doc. 19 at 8-9.)  Respondents further assert that Petitioner has not  made a meritorious constitutional claim under § 2254.  I agree with Respondents.

      32.    Federal law provides that a trial judge's finding of impartiality is a finding of fact presumed correct on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1); *see also Patton v. Yount*, 467 U.S. 1025, 1036-38 (1984) (whether individual juror is impartial is a question of fact and trial court's findings are presumed correct on federal habeas review).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).  The New Mexico Supreme Court did address this claim on direct review.  In doing so, the Supreme Court did not reach a decision contrary to federal law.  (Doc. 8, Ex. G at 16) (reviewing the trial court's decision for an abuse of discretion and placing the burden on Petitioner) Moreover, the Supreme Court's application of the law, and its determination based upon a review of the facts, were reasonable.  The New Mexico Supreme Court noted that the juror in question

18

assured the trial court that she could be fair and impartial. (*See* Doc. 8, Ex. G at 16.) Moreover, the juror's conflicting interest applied to the prosecutor who conducted voir dire, and not the prosecutor who ultimately tried the case. (*See Id.*) These facts would support a finding of impartiality. Petitioner has shown no evidence whatsoever that might rebut these facts or the presumption of correctness afforded the state court's decision. Thus, I recommend that Respondents' motion to dismiss be granted as to this claim. *See Patton*, 467 U.S. at 1036-38.

> **(4)**   **Whether the trial court erred by limiting the number of defense witnesses who could testify.**

33.   Petitioner appears to argue that the trial court improperly limited the number of witnesses he could call in his defense as to the issues of debt and threat. (Doc. 1 at 7C.) Respondents contend that the New Mexico Supreme Court has already addressed this issue, finding that the trial court did not abuse its discretion in limiting the number of witness due to the prospect of cumulative testimony. (Doc. 19 at 8.) Respondents further assert that Petitioner has failed to show a meritorious constitutional claim under § 2254. (*Id.*) I agree with Respondents.

34.   A trial court may limit the number of witnesses called to testify as to a single point:

> The trial court is vested with a reasonable discretion with respect to the number of witnesses that may be permitted to testify to a single point.
>
> Although more than one witness may testify to the same fact, as a general rule, the number of witnesses that must be heard on behalf of either party to establish a single point or proposition is within the reasonable discretion of the court.

23A C.J.S. Criminal Law § 1644 (citations omitted); *see also United States v. Janati*, 374 F.3d 263, 274 (4th Cir. 2004) (trial courts may limit the type and number of witnesses called); *see also*

19

*United States v. Solina*, 733 F.2d 1208, 1213 (7th Cir. 1984) ("district judges must be allowed a reasonable latitude in limiting the number of . . . witnesses"; district court's decision as to limiting the number of witnesses is reviewed for abuse of discretion).  Notably, New Mexico courts follow a similar rule.  *See State v. Mercer*, 2005-NMCA-023, 137 N.M. 36, 41, 106 P.3d 1283, 1288 ("[T]he district court may exercise its discretion by limiting the number of [witnesses] . . . and excluding the testimony of any remaining [witnesses] . . . as cumulative.").  Here, the New Mexico Supreme Court did not reach a decision contrary to federal law, nor did it unreasonably apply the law.  The Supreme Court held that the trial court reasonably limited the number of witnesses, as Petitioner did not show that the excluded witnesses would have "added new information or [would have] had additional probative value beyond the evidence admitted."  (Doc. 8, Ex. G at 6-7.)  I have no reason to disagree with the Supreme Court.  Petitioner has presented nothing that even suggests that the trial court's determination was incorrect (e.g. an affidavit from or even just an allegation providing one of the witnesses Petitioner would have called, who would have supplied pertinent information that the witnesses at trial did not, and could not have provided), let alone an abuse of discretion giving rise to a constitutional violation.  Thus, I recommend that Respondents' motion to dismiss be granted as to this claim.

   **B.    Claims Not Addressed by the New Mexico Supreme Court and Summarily Dismissed by the State District Court on Habeas Review.**

<u>STANDARD</u>

   35.    Petitioner filed an identical habeas petition in the state district court.  That court construed the petition slightly narrower than I do.  In so doing, it addressed most, but not all, of Petitioner's instant claims in its summary dismissal.  I recognize that the Tenth Circuit has held

that even a summary dismissal of Petitioner's claims is a dismissal on the merits warranting review under AEDPA standards, that is, unless a particular claim was dismissed on procedural grounds. *Cook v. McKune,* 323 F.3d 825, 831 (10th Cir. 2003); *Dockins v. Hines,* 374 F.3d 935, 937-38 (10th Cir. 2004); *see also Chadwick v. Janecka,* 312 F.3d 597, 606 (3rd Cir. 2002) (discussing that in *Weeks v. Angelone,* 528 U.S. 225 (2000), Supreme Court applied AEDPA standards of review to claim state court dismissed summarily; Fourth Circuit had specifically held that AEDPA applies to summary dispositions), *cert. denied,* 123 S. Ct. 1914 (2003). I am concerned, however, that this rule is limited by the Tenth Circuit's recent decision in *Torres v. Lytle,* 461 F.3d 1303, 1311-1312 (10th Cir. 2006).

36.   I have discussed the Tenth Circuit's decision in *Torres* above. *See* discussion *supra* ¶ 14. This case is distinguishable from *Torres* in that this case does not involve the New Mexico summary calendar review system. The state courts, on review, had before them the entire record in rendering their decisions. My concern is that from a practical standpoint, a summary dismissal likely  affords no greater review of the entire record than does a review in the summary calendar system. In the interests of justice, therefore, I will review Petitioner's claims on the merits without affording deference to the state district court's decision on habeas review. I find, however, that if I were to afford deference to the state district court's decision as provided under the AEDPA, I would reach the same disposition as to each claim, as Petitioner has failed to meet his burden under § 2254 for the reasons set forth in my discussion of each claim below. *See* discussion *infra* ¶¶ 37-56.

### PETITIONER'S CLAIMS NOT ADDRESSED BY THE NEW MEXICO SUPREME COURT AND SUMMARILY

<u>DISMISSED BY THE STATE DISTRICT COURT</u>
<u>ON HABEAS REVIEW</u>

**(1)**   **Whether Petitioner's counsel was ineffective for allegedly failing to introduce certain testimony.**

37.   Mr. Sedillo argues that: "[his counsel] fail[ed] to bring up testimony of Melissa Marufo concerning the day of investigation of 1-24-02 . . . . They fail[ed] to call two . . . additional witness[es] to corroborate [sic] the state's main witness [sic] was known to lie in the past . . . ." (Doc. 1 at 6A.)   Additionally, Mr. Sedillo contends that: "[counsel's failure let Mr. Martinez's testimony] go unchallenged to be heard by the jury this was not in the best interest of justice to petitioner's defense and to inflame [sic] the jury's mind with the fruit of the forbidden poiseness [sic] tree . . . ."   (Doc. 1 at 7C.)   Respondents contend that Mr. Sedillo's assertions are conclusory. (Doc. 19 at 5-6.)   I agree with Respondents.

38.   I find that Petitioner's claim is without merit.   Petitioner must show both deficient performance and prejudice to maintain his ineffective assistance of trial counsel claim.   *See* discussion *supra* ¶¶ 24-30.   He has not done so.   Petitioner must aver facts sufficient to meet his burden.   *See id.*   Here, he has asserted nothing more than the above statements.   In order to establish deficient performance, Petitioner must at the very least explain what the witnesses would likely have testified to in court.   *See Moore v. Marr*, 254 F.3d 1235, 1241-43 (10th Cir. 2001) (analyzing a similar ineffective assistance of counsel claim, although in a pre-AEDPA context, based upon what the witnesses would have testified to).   For example, ignoring any admissibility concerns, if Petitioner had asserted that the two additional witnesses would have testified that Mr. Martinez held a reputation in the community for never speaking the truth, Petitioner *may* have

22

provided the Court with some basis for inferring deficient performance.  Such a statement *might* also have given the Court some ground to infer prejudice.  Petitioner, however, has asserted nothing but conclusory allegations that do not show, in any way, either deficient performance or prejudice.  Thus, I recommend that the Court grant Respondents' motion to dismiss as to this claim.

> **(2)  Whether Petitioner's counsel was ineffective for allegedly failing to investigate certain evidence.**

39.  Mr. Sedillo argues that: "[his counsel] failed to investigate Petitioner's key alibi witness Ms. Evetts Chacon to corroborate and strengthen Petitioner's defense."  (Doc. 1 at 6A.)  Respondents contend that Mr. Sedillo's assertion is conclusory.  (Doc. 19 at 7.)  I agree with Respondents.

40.  Petitioner has failed to meet his burden to demonstrate both deficient performance and prejudice.  *See* discussion *supra* ¶¶ 24-30.  Petitioner must assert more than conclusory allegations. *Id.*  He must aver facts sufficient to meet his burden. *Id.  See Moore,* 254 F.3d 1235, 1241-43.  Here, he should at the very least have told the Court what Ms. Chacon would have said in support of an alibi.  For example, if Petitioner had asserted that Ms. Chacon would have said she was with Petitioner fifty miles away playing golf at the time of the murder, Petioner *might* have provided the Court with some basis to infer deficient performance and prejudice.  Mr. Sedillo, though, has provided nothing more than a conclusory allegation that fails to demonstrate, in any way, either deficient performance or prejudice.  Thus, I recommend that Respondents' motion to dismiss be granted as to this claim.

**(3)   Whether Petitioner's counsel was ineffective for allegedly failing to file pretrial motions alleging judicial misconduct.**

41.   Mr. Sedillo argues that: "[his counsel failed] to file pre-trial motions of judicial misconduct."[8]  (Doc. 1 at 6A.)  He further contends, in apparent support of his ineffective assistance claim, that the trial judge erred in admitting certain hearsay testimony.[9]  (Doc. 1 at 7D.) Respondents argue that Mr. Sedillo's ineffective assistance claim is conclusory.  (Doc. 19 at 5, 7.) I agree with Respondents.

42.   Petitioner must assert more than conclusory allegations.  *See* discussion *supra* ¶¶ 24-30.  He must aver facts sufficient to meet his burden.  *Id.*  Mr. Sedillo has not set forth any factual allegations that might demonstrate that his counsel's performance fell below an objective standard of reasonableness, or that there is a reasonable probability that, but for counsel's

---

[8] I construe this claim not to allege judicial misconduct, but rather to allege error by the trial court in admitting hearsay testimony.  If I were to read into Petitioner's argument a separate claim for judicial misconduct, the claim would fail as Petitioner provides no details to substantiate it.  He does not even describe the nature of the judicial misconduct (e.g. that the trial judge took a bribe or had a conflict of interest in the case).

[9]Specifically, Mr. Sedillo asserts:

> The Honorable Judge Jeffreys overruled on the objection of my attorneys as to what Mr. Sam Martinez was saying under oath 'regarding what supposably [sic] [was] said by Luis H. Rosales, Jr. Petitioner Attorneys it [sic] was 'hearsay' which applies to the confrontation clause[]'. . . .  Because Mr. Luis H. Rosales was available to testify in person [sic].  Yet neither one of [sic] district attorney nor the (DJ) [sic] Hon. Jeffreys made an attempt to inquired [sic] as to the availiability [sic] of Mr. Rosales.  There must be a showing of unavailiability [sic] to allow such testimony to fall under the hearsay rules . . . .

(Doc. 1 at 7D.)

24

unprofessional errors, the result of the proceeding would have been different.  The admission of hearsay testimony may very well violate Petitioner's confrontation clause rights under the United States Constitution.  *See* discussion *infra* ¶ 53.  If counsel had in fact failed to object to hearsay testimony, and if such objection might have changed the result of the proceeding, Petitioner *might* have stated a claim warranting further review based upon an inference of deficient performance and prejudice.  Petitioner has done nothing more, though, than assert conclusory allegations.  He has not couched his claim with specific facts showing what statements were improperly admitted hearsay and how the absence of any such statements would have changed the result of his proceeding.  His statements fail to show, in any way, deficient performance and prejudice.  Thus, I recommend that Respondents' motion to dismiss be granted as to this claim.

        **(4)**     **Whether Petitioner's counsel was ineffective for allegedly failing to instruct the jury on a specific intent element and on a lesser included offense.**

43.    Mr. Sedillo argues that counsel failed "to instruct the jury on the elements of the offense, to specific intent, willful and deliberate to establish first degree murder . . . [and] to instruct the jury to [sic] a lesser included offense . . . ." (Doc. 1 at 6A.)  Respondents contend that Mr. Sedillo's claim is conclusory.  (Doc. 19 at 5.)  I agree with Respondents.

44.    Petitioner has asserted nothing more than conclusory allegations, and he has failed to aver facts sufficient to meet his burden of establishing ineffective assistance.  *See* discussion ¶¶ 24-30.  As to Mr. Sedillo's claim that counsel failed to instruct the jury on the elements of the offense, in New Mexico, the trial court, not counsel,  instructs the jury.  *State v. Benally*, 2001-NMSC-033, 131 N.M. 258, 261, 34 P.3d 1134, 1137.  Counsel may object to the instructions proffered by the court, or counsel may tender what he believes are correct instructions.  *State v.*

*Compton*, 57 N.M. 227, 236, 257 P.2d 915, 921 (1953).  Notably, this method of instruction is not

significantly different from that employed by the federal courts.  *See United States v. Clifton*, 406

F.3d 1173, 1177-78 (describing a situation where the district court gave an instruction and

defendant objected).  Here, Petitioner has not argued that the jury instructions were improper.

There is no basis, therefore, to support an inference of either deficient performance or prejudice.

If Petitioner had asserted, for example, that counsel failed to object or provide a correct instruction

when the trial court told the jury that murder involves the negligent killing of a human being,

Petitioner would have provided some ground for the Court to infer deficient performance and

prejudice.

      45.    Regarding the second part of Petitioner's claim, in New Mexico, a Defendant is

entitled to a lesser-included instruction if:

> (1) the lesser offense is included in the greater, charged offense; (2)
> there is evidence tending to establish the lesser included offense and
> that evidence establishes that the lesser offense is the highest degree
> of crime committed; and (3) the defendant has tendered appropriate
> instructions preserving the issue.

*State v. Jernigan*, 2006-NMSC-003127, 139 N.M. 1, 127 P.3d 537, 544.  Notably, this standard

is not significantly different from the federal standard.  *See United States v. Bruce*, 458 F.3d 1157,

1162 (10th Cir. 2006) ("First, the defendant must properly request the instruction; second, the

elements of the lesser included offense must be a subset of the elements of the charged offense;

third, the element required for the greater, charged offense that is not an element of the lesser

offense must be in dispute; and fourth, the evidence must be such that the jury could rationally

acquit the defendant on the greater offense and convict on the lesser offense.").  Here, Petitioner

has asserted nothing to establish that he was entitled to a lesser-included offense instruction, let

alone that counsel's performance was deficient or that Petitioner was prejudiced. If Petitioner, for example, had pointed to certain evidence for the court to review and stated that it supported, at best, a particular lesser-included offense of murder, and that counsel unreasonably failed to include this instruction, Petitioner *might* have given the Court some basis to infer deficient performance and prejudice. Mr. Sedillo, though, has provided only conclusory allegations that fail entirely to show deficient performance and prejudice. Thus, I recommend that Respondents' motion to dismiss be granted as to this claim.

> **(5)     Whether trial counsel was ineffective for failing to ask for a mistrial.**

46.    Mr. Sedillo appears to argue that his trial counsel should have asked for a mistrial when counsel caught a police detective coaching a key witness, via color signals, during the defense's cross-examination. (Doc. 1 at 7D.) Respondents contend that this argument is procedurally defaulted, as Mr. Sedillo did not raise it on direct review. (Doc. 19 at 2-3.) I decline

to address Respondents' procedural default argument.[10]   I find that Petitioner's claim is more

efficiently resolved on the merits, as it is conclusory.

47.   Petitioner has failed entirely to demonstrate deficient performance and prejudice.

*See* discussion *supra* ¶¶ 24-30.   Petitioner's allegations are conclusory.   He fails to aver facts

sufficient to meet his burden.   Assuming Mr. Sedillo has shown that trial counsel was aware of any

alleged coaching, Petitioner should at the very least assert facts demonstrating that the detective's

signals "altered [the witness's] . . . testimony or demeanor or the jury's perception of that

testimony."   *Holloway v. Tansy*, 1993 WL 12666, *2 (10th Cir. 1993).   Petitioner would need to

demonstrate that the witness saw the detective's signals and reacted to them.   *Id.*   If, for example,

Petitioner had stated that the witness was looking directly at the detective and responding to

certain questions on cross only after the detective gave a signal, he *may* have provided the Court

with some basis to infer deficient performance and prejudice on his trial counsel's part for failing

to ask for a mistrial.   Petitioner has failed to make any such averment, though, and as they stand,

---

[10] In the interests of judicial economy, the court may proceed to the merits of a claim where they are "more easily and succinctly" resolvable in lieu of addressing complex issues of procedural bar.   *Snow v. Sirmons*, --- F.3d ----, 2007 WL 80022, *20 (10th Cir. 2007); *Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000); *see also Miller v. Mullin*, 354 F.3d 1288, 1297-98 (10th Cir. 2004) (citing *Romero* in bypassing the procedural bar issue raised by the state); *see also Neill v. Gibson*, 278 F.3d 1044, 1063 (10th Cir. 2001) (citing *Romero* to bypass the state's procedural default defense).   Here, I find that Petitioner's claim is more easily and succinctly resolvable on the merits, as it is conclusory.   If I were to address the procedural default argument, however, and find the claim subject to procedural default, my recommendation, that the claim be denied, would be the same.   Because Petitioner's arguments are conclusory, he would fail to meet an exception to the procedural bar.   Petitioner would not have shown prejudice (of the cause and prejudice exception) or a fundamental miscarriage of justice.   *See Hammon v. Ward*, 466 F.3d 919, 924-25 (10th Cir. 2006) (stating that Petitioner may show either cause and prejudice, or a fundamental miscarriage of justice, to excuse a procedural default) (internal quotation marks and citation omitted).

28

his allegations are conclusory.  Thus, I recommend that Respondents' motion to dismiss be granted

as to this claim.

        **(6)**    **Whether Petitioner's constitutional rights were violated by the prosecutor's alleged failure to preserve evidence.**

      48.    Mr. Sedillo argues that: "[t]he prosecution [failed] to preserve evidence [in that the]

. . . district attorney's office surrendered [a] . . . vehicle back to Mr. Sam Martinez knowing it

contain[ed] [DNA] evidence [that did not belong to Mr. Sedillo]."  (Doc. 1 at 7D.)  Respondents

contend that this claim is procedurally defaulted, as Petitioner did not preserve it for appeal.  (Doc.

19 at 2.)  I decline to address Respondents' procedural default argument, and instead address this

claim on the merits.  *See supra* note 10.  I find that the claim fails as Petitioner's argument is

conclusory.

      49.    The United States Supreme Court has held that:

> [t]he Due Process Clause of the Fourteenth Amendment . . . makes the good or bad faith of the State irrelevant when the State fails to disclose to the defendant material exculpatory evidence.  But we think the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant . . . .  We . . . hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.

*Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988); *see also Snow*, --- F.3d ----, 2007 WL 80022,

*19 (10th Cir. 2007) (applying *Youngblood* and stating: "The Court . . . imposed the requirement

that the defendant show bad faith on the part of the police when potentially exculpatory evidence

is lost or destroyed.") (citation omitted).   Here, Petitioner makes no factual assertions

demonstrating that the DNA evidence he claims was in the vehicle was material exculpatory

29

evidence.  Moreover, Mr. Sedillo makes no factual assertions to show how the presence of any other DNA in the vehicle *may* have exonerated him, and to show how the state acted in bad faith when it surrendered the vehicle.  Mr. Sedillo's claim is conclusory.  He has failed to provide factual support.  *See Hall*, 935 F.2d  at 1110 (providing that mere conclusory allegations without factual support are insufficient to maintain a claim); *see also Snow*,  --- F.3d ----, 2007 WL at *19 (providing that in a failure to preserve evidence claim, conclusory assertion will not suffice).  Thus, I recommend that Respondents' motion to dismiss be granted as to this claim.

      **(7)**      **Whether Petitioner's constitutional rights were violated by the prosecutor's alleged presentment of false testimony.**

      50.      Mr. Sedillo argues that the prosecutor was so determined to convict Petitioner that the prosecutor introduced false testimony.  (Doc. 1 at 7E.)  Respondents contend that this argument is procedurally defaulted.  (Doc. 19 at 2-3.)  I find it unnecessary to address procedural default, and instead address this claim on its merits.  *See supra* note 10.  I find that the claim fails because it is conclusory.

      51.      "'[A] conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.'"  *Torres v. Mullin*, 317 F.3d 1160 (10th Cir. 2003) (*quoting United States v. Agurs*, 427 U.S. 97, 103 (1976)).  The burden is on the Petitioner to show that the state knowingly presented false testimony.  *Torres*, 317 F.3d at 1161 ("[Petitioner] has failed to establish that the prosecutor knowingly presented false testimony . . . ."); *see Tapia v. Tansy* 926 F.2d 1554, 1563 (10th Cir. 1991) (looking for some showing that prosecution knowingly introduced false testimony).  Here, Petitioner's allegation is entirely

conclusory. He does not make any factual assertion that even implies that the prosecutor may have knowingly introduced false testimony and that the testimony likely affected the judgment of the jury. To maintain this claim, at a minimum, Mr. Sedillo should have stated facts showing specifically what testimony was false and his basis for believing that the prosecutor knew the testimony was false, yet introduced it anyway. Petitioner has done nothing more, though, than merely assert that the prosecutor introduced false testimony, and this is not enough for Petitioner to maintain his claim. *See Hall,* 935 F.2d at 1110 (providing that mere conclusory allegations without factual support are insufficient to maintain a claim). Thus, I recommend that Respondents' motion to dismiss be granted as to this claim.

> **(8)**      **Whether the trial court erred by admitting certain testimony over a hearsay objection.**

52.      Mr. Sedillo contends that the trial judge improperly allowed hearsay testimony by witness Sam Martinez, and that in doing so the judge violated Mr. Sedillo's right to confrontation. (Doc. 1 at 7D.) Respondents argue that Mr. Sedillo failed to raise this claim on direct review and that it is now procedurally defaulted. (Doc. 19 at 2-3.) I find it in the interests of judicial economy to bypass Respondents' procedural default argument, and address Petitioner's claim on the merits. *See supra* note 10. I find that the claim fails because it is conclusory.

53.      Hearsay is defined as a statement offered to prove the truth of the matter asserted. *See Bourjaily v. United States*, 483 U.S. 171, 190 at n.3 (1987) (Blackmun, J., dissenting). Admission of hearsay testimony violates the confrontation clause of the United States Constitution unless "(1) the declarant is unavailable at trial; and (2) the statement bears adequate 'indicia of reliability.'" *Woodward v. Williams*, 263 F.3d 1135, 1139-1140 (10th Cir. 2001) (*quoting Idaho*

31

*v. Wright*, 497 U.S. 805, 814-15 (1990)).  "'Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception.  In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.'"  *Id.* at 1140 (*quoting Idaho*, 497 U.S. at 815).  Here, Petitioner has referenced the general portion of testimony that he believes is hearsay (*see supra* note 9), and he has stated that the declarant was available at trial.  Mr. Sedillo's statements are still, however, conclusory, and they are insufficient to maintain his claim.  *See Hall*, 935 F.2d at 1110 (providing that mere conclusory allegations without factual support are insufficient to maintain a claim).  Mr. Sedillo should at the very least reference those statements in particular that he believes were improperly admitted hearsay; that is, offered to prove the truth of the matter asserted.  Moreover, he should state specifically his basis for concluding that any admitted hearsay was improperly admitted.  For example, if his argument is that the declarant was available at trial, Petitioner should state how he knows this to be the case.  Such specific averments *might* warrant further review, but as Petitioner's allegations presently stand, they are conclusory.  Thus, I recommend that Respondents' motion to dismiss be granted as to this claim.

      **(9)**     **Whether Petitioner's constitutional right to a speedy trial was violated.**

     54.    Petitioner claims that his right to a speedy trial was violated.  (Doc. 1 at 9G.)  Though his argument is unclear, Petitioner appears to assert that his trial was delayed more than thirteen months from the time of his incarceration or indictment, despite his efforts to exercise his right to a speedy trial.  (*Id.*)  Respondents contend that Petitioner did not raise this claim on direct appeal and that it is now procedurally defaulted.  (Doc. 19 at 3.)  I find it unnecessary to address

32

Respondents' procedural default argument.  *See supra* note 10.  Petitioner's claim is more efficiently resolved on its merits, as it is conclusory.

55.     Violation of a defendant's right to a speedy trial is determined using a four factor balancing test set forth by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  The factors include: (1) the length of the delay; (2) the reason for the delay; (3) whether and when the defendant asserted his speedy trial right; and (4) whether defendant was prejudiced by the delay.  *Id*; *see also United States v. Yehling*, 456 F.3d 1236, 1243 (10th Cir. 2006) (citing *Barker* and the four-factor test).  The first factor the court should consider is the length of delay, and the court should not move past this factor unless it finds a delay that is presumptively prejudicial.  *See* 4 WAYNE R. LAFAVE, JEROLD H. ISRAEL & NANCY J. KING, CRIMINAL PROCEDURE § 18.2 (citations omitted).  If the court does find a delay that is presumptively prejudicial, this only means that the court should proceed to examine the other factors in the balancing test.  *Id*.  It does not mean that there is an automatic, or presumptive prejudice or violation of the speedy trial right. *Id*.  There is no set length of delay that is presumptively prejudicial from a Constitutional standpoint, but courts generally do prescribe certain times of delay that trigger the presumption. *Id*.  Generally, that length of time is around eight months.  *Id*.  In New Mexico, it is nine, twelve, or fifteen months depending on the complexity of the case.  *See Salandre v. State*, 111 N.M. 422, 428, 806 P.2d 562, 568 (1991).

56.     Here, Petitioner claims a thirteen month delay.  This may or may not be presumptively prejudicial.  Regardless, I see no need to make a determination.  Even if I were to conclude that the alleged delay is presumptively prejudicial and proceed to examine the remaining three factors of the balancing test, Petitioner has provided nothing for the Court to weigh with

respect to the factors.  His allegations are conclusory.  *See Hall*, 935 F.2d at 1110 (providing that mere conclusory allegations without factual support are insufficient to maintain a claim).  He does not discuss the reasons, or lack thereof, for the delay.  He says he asserted his right to a speedy trial, but he does not provide any details as to when he asserted his right or why his assertion was improperly dismissed or ignored.  Moreover, Mr. Sedillo claims no particular prejudice or harm as a result of the delay.  Thus, I recommend that Respondents' motion to dismiss be granted as to this claim.

## IV.   RECOMMENDATION

Having reviewed the record in this case, all applicable law, and being otherwise fully advised, I find that Mr. Sedillo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is without merit.  I therefore recommend that Respondents' amended motion to dismiss (Doc. 18) be **GRANTED** and that Mr. Sedillo's petition be **DISMISSED WITH PREJUDICE**.  I further recommend that Respondents' first motion to dismiss, filed August 25, 2006, (Doc. 6) and Petitioner's second motion for appointment of counsel, filed December 12, 2006, (Doc. 25) both be **DENIED** as **MOOT**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102.  A party must file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**